

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| MITCHELL BELL; SCOTT BELL, *individually and as next of friend and Guardian ad Litem for Mitchell Bell*, Plaintiffs, | § § § § § |
| vs. | §    Civil Action No.: 0:18-02850-MGL § |
| ARTIC CAT, INC.; INTERCO TIRE CORPORATION; ALL BALLS RACING INC.; and ATV ENGINEERING, LLC, Defendants. | § § § § § § |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

**I.    INTRODUCTION**

Plaintiffs Mitchell Bell and Scott Bell, individually and as next of friend and Guardian ad Litem for Mitchell Bell (Scott Bell) (collectively, Plaintiffs) filed an amended complaint against Artic Cat, Inc. (Artic Cat), Interco Tire Corporation (Interco), All Balls Racing Inc. (All Balls), and ATV Engineering, Inc. (ATV) (collectively, Defendants) alleging four causes of action against the Defendants relating to the manufacturing and sales of various allegedly defective products.

Pending before the Court is ATV's motion to set aside an entry of default against it. Having carefully considered ATV's motion, the response, the reply, the sur reply, the record, and the applicable law, it is the judgment of the Court ATV's motion will be granted.

## II.     FACTUAL AND PROCEDURAL HISTORY

This is a products liability case.  Mitchell Bell was seriously injured in an all-terrain vehicle accident.  According to the amended complaint, Mitchell Bell sustained a massive subdural hematoma and brain swelling in the accident that led to permanent brain injury.  Plaintiffs are suing the manufacturer of the all-terrain vehicle (Artic Cat), as well as various sellers and/or manufacturers of components attached to the ATV (Interco, All Balls, and ATV).

Below is a timeline of the relevant dates for the Court's analysis of ATV's motion.

| | |
|---|---|
| December 23, 2020 | Plaintiffs served the summons and amended complaint on Jacob Dobbs (Dobbs), an at-the-time 1099 contractor of ATV who allegedly represented himself as ATV's General Manager when served.  Dobbs forwarded the summons and complaint to ATV, but for reasons unknown to the Court, the documents failed to reach the appropriate person. |
| February 25, 2021 | Plaintiffs filed a request for entry of default against ATV due to its failure to answer the amended complaint.  The Clerk of Court entered an entry of default against ATV. |
| February 26, 2021 | Plaintiffs filed a request for entry of default judgment against ATV. |
| March 2, 2021 | Plaintiffs attempted to re-serve the amended complaint on ATV by serving Charles Saleh (Saleh).  *See* Aff. of Service, Pls.' Sur Reply at Ex. B (noting the process served Saleh as a registered agent of ATV).  However, Saleh, in an affidavit, attested he is "not the [r]egistered [a]gent for [ATV], nor ha[s] [he] ever been the registered [a]gent for" ATV.  Aff. of Charles Saleh at ¶ 9, ATV's Reply at Ex. B.  Defendant All Balls filed a response in opposition to Plaintiffs' request for entry of default judgment against ATV. |
| March 29, 2021 | ATV filed a motion to set aside the entry of default. |

Plaintiffs subsequently responded, ATV replied, and Plaintiffs filed a sur reply.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

2

**III.     STANDARD OF REVIEW**

"The Court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c). "When deciding whether to set aside an entry of default, a district court should consider whether the party has a [1] meritorious defense, [2] whether it acts with reasonable promptness, [3] the personal responsibility of the defaulting party, [4] the prejudice to the party, [5] whether there is a history of dilatory action, and [6] the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). "The disposition of motions made under Rules 55(c) and 60(b) is a matter which lies largely within the discretion of the trial judge and [her] action is not likely to be disturbed by an appellate court." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). "Any doubt about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

**IV.     DISCUSSION AND ANALYSIS**

The Court will address each of the six *Payne* factors separately.

    *A.     Whether ATV has a meritorious defense*

This case is a complex products liability action for serious personal injuries sustained due to allegedly defective products. Plaintiffs filed their original complaint nearly four years ago and ATV "does not have access to any . . . discovery nor does it have the benefit of any evidence that has already been established in this case." ATV's Reply at 4. Furthermore, ATV's managing director, Mark Elbadramany, attests ATV is unsure whether it even "sold the alleged lift kit to [Mitchell Bell], as the company was under different ownership" at the time of the underlying accident. Aff. of Mark Elbadramany at ¶ 12, ATV's Reply at Ex. A. The combination of these

3

factors leads the Court to conclude it is unable, at this junction, to determine whether ATV has a meritorious defense, "which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (internal quotation omitted).

        B.    *Whether ATV acted with reasonable promptness in moving to set aside the entry of default*

ATV argues it acted with reasonable promptness in moving to set aside the entry of default. In support of this contention, ATV notes it "moved to set aside the default against it only thirty-one days after the . . . request for entry of default was filed by Plaintiffs." ATV's Reply at 6.

Plaintiffs aver "the more than three-month delay—properly measured from date of service [to Hobbs] to the current motion—shows [ATV] did not act promptly to address Plaintiffs' action once on notice of it." Pls.' Resp. at 10.

Whether a party has acted with reasonable promptness to set aside an entry of default must be determined "in light of the facts and circumstances of each occasion[,] and the exercise of discretion by the trial judge will not be disturbed lightly." *Moradi*, 673 F.2d at 727. Here, the Court concludes ATV acted with reasonable promptness, as it moved to set aside the entry of default thirty-one days after the request for entry of default was filed by Plaintiffs. Similar timeframes have been found reasonably prompt by other district courts located within in the Fourth Circuit. *See United States v. $10,000 in U.S. Currency*, No. 1:00-CV-0023, 2002 WL 1009734 (M.D.N.C. Jan. 29, 2002) at *3 (noting the movant acted with reasonable promptness when he filed his motion to set aside the entry of default seventeen days after the Clerk of Court entered default); *Esteppe v. Patapsco & Black Rivers R.R. Co.*, No. Civ. H-00-3040, 2001 WL 604186 at *1-4 (D. Md. May 31, 2001 (noting the movant acted with reasonable promptness when it filed a motion to set aside the entry of default twenty-one days after the Clerk of Court entered default).

4

      C.     *Whether ATV bears personal responsibility for its default*

ATV concedes it bears personal responsibility in its failure to timely respond to the amended complaint, but contends its oversight "is unique and not a systematic recurring issue." ATV's Reply at 6.  Plaintiffs note this *Payne* factor "is actually intended to distinguish defaults attributable to a defaulting party from those caused by the party's attorney[,]" Pls.' Sur Reply at 2, and ATV "must affirmatively defend its conduct and show 'excusable neglect' for failing to answer."  *Id*. (quoting *Augusta Fiberglass Coatings Inc. v. Fodar Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988)).

Here, notwithstanding the excusable neglect standard referenced by Plaintiffs applies to a motion made under Rule 60(b) as opposed to Rule 55(c), the Court concludes this factor weighs in Plaintiffs' favor.  ATV is unable to shift blame to its attorney, as its oversight is solely attributable to its own actions or lackthereof.

      D.     *Whether Plaintiffs will suffer prejudice if the Court grants ATV's motion*

ATV maintains its "delay has not made it impossible, or even more difficult, to present any of the Plaintiffs' evidence or complete discovery" and "[n]o evidence or witnesses available to the Plaintiffs have been lost or became unavailable because of any undue delay."  ATV's Reply at 7. Plaintiffs fail to address this *Payne* factor.

Here, the Court agrees with ATV's analysis and concludes there is no evidence Plaintiffs will be prejudiced if the entry of default is set aside.  "[D]elay in an of itself does not constitute prejudice to the opposing party."  *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 418 (4th Cir. 2010).  In fact, ATV has already filed its answer to the amended complaint, and with this Order, all parties will operate under the current scheduling order.

### E. *Whether ATV has a history of dilatory action*

ATV avers no history of dilatory action by it in any other lawsuit exists, and Plaintiffs fail to assert otherwise. Here, inasmuch as there is no evidence ATV has a history of dilatory action in other lawsuits, the Court concludes this factor weighs in favor of ATV.

### F. *Whether less drastic sanctions are available*

ATV contends the Court could pursue less drastic sanctions, such as requiring ATV to pay attorney fees relating to the entry of default. ATV further posits although it believes "sanctions are not necessary in this case, it will adhere and submit payment for any less drastic sanction the Court deems necessary." ATV's Reply at 8. Plaintiffs fail to address whether less drastic sanctions are available.

Holding a party in default and moving forward with a default judgment is the ultimate sanction in that the party forfeits its right to defend itself. Given the strong public policy behind disputes being resolved on their merits, defaults should be entered rarely and advisedly. In the instant case, there are far less drastic sanctions available. *See generally Colleton*, 616 F.3d at 418 (suggesting that a motion for an award of attorney fees and costs to a plaintiff in opposing a motion to set aside an entry of default could be appropriate). Thus, in light of Fourth Circuit precedent that "[a]ny doubt about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits[,]" *Tolson*, 411 F.2d at 130, the Court concludes less drastic sanctions exist, such as requiring ATV to pay Plaintiffs' attorney fees and costs relating to the entry of default. Accordingly, the Court concludes this factor weighs in favor of ATV, and the Court will order ATV to pay Plaintiffs' attorney fees and costs relating to the entry of default.

Because four *Payne* factors weigh in favor of relieving ATV of the entry of default, one factor favors Plaintiffs, and one factor neither weighs clearly for or against relief, the Court concludes there is good cause to set aside the entry of default and allow the instant action to proceed on the merits.

V.      **CONCLUSION**

For the reasons stated above, it is the judgment of the Court ATV's motion is **GRANTED,** the clerk's entry of default is **VACATED,** and ATV is required to pay Plaintiffs' attorney fees and costs relating to the entry of default.  Furthermore, Plaintiffs' request for entry of default judgment is **DEEMED AS MOOT**.

   **IT IS SO ORDERED.**

Signed this 5th day of May 2021, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE